UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CLIFFORD GAVIN,

                       Plaintiff,

        - against -

SUFFOLK COUNTY SHERIFF'S OFFICE *Correction Division*, ERROL D. TOULON, JR., *Ed.D., Sheriff*, STEVEN KRAYEWSKI *C.O. #1174*, JOSEPH SAMMARTINO *Cpt. #30*, COUNTY OF SUFFOLK, INTERNATL AFFAIRS UNIT, JOHN HICKEY *Sgt. #248*, JOHN URBANCIK *Sgt. #248*, JEFFREY WILLIS *Lt. #1337*, LARRY WOJTACH *C.O. #1379*, MIKE SITLER *C.O. #1337*, SUFFOLK COUNTY DEPARTMENT OF HEALTH SERVICES JAIL MEDICAL UNIT, JAMES GRAZIANO *Director of Mental Health Unit*, and THOMAS TROIANO M.D., *individually and in their official capacities*,

                       Defendants.
----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 19-1250 (KAM) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      On March 1, 2019, Plaintiff *Pro se* Clifford Gavin ("Plaintiff") initiated this civil rights action, pursuant to 42 U.S.C. § 1983, asserting claims for use of excessive force. *See generally* DE 1. Following the filing of Defendants' Answer to the Complaint [DE 18], the Court scheduled an Initial Conference for September 3, 2019. *See* DE 19. The Court also notified the parties of the manner in which discovery would be conducted in this case and provided instructions regarding the exchange of written narrative statements. *See id.* The parties submitted their respective narrative statements [DE 21; DE 27] and the Court adjourned the Initial Conference to October 1, 2019. *See* Electronic Orders dated September 2, 2019 and September 27, 2019.

During the Initial Conference on October 1, 2019, the Court laid out the next steps in the discovery process. *See* DE 32. Plaintiff advised that he intended to amend his Complaint and the Court instructed Plaintiff that he would need to submit a letter request for a pre-motion conference to Judge Matsumoto to engage in such motion practice. *See id.* The Court also implemented a date by which Defendants were to respond to Plaintiff's discovery requests. *See id.* A further Telephone Status Conference was scheduled for January 23, 2020 at 11 a.m. *See id.*

On December 26, 2019, Plaintiff filed a letter motion to amend his Complaint. *See* DE 43. Judge Matsumoto previously instructed Plaintiff to include the proposed pleading with his motion, but the Plaintiff did not do so. As such, Judge Matsumoto ordered Plaintiff to send a proposed amended complaint to the defendants and the Court by January 30, 2020. *See* Electronic Order dated December 26, 2019.

This Court held a Telephone Status Conference on January 23, 2020. *See* DE 52. Plaintiff had not yet submitted a proposed pleading as directed in Judge Matsumoto's prior Orders. *Id.* Plaintiff was informed that any application for an extension of the deadline to file his amended complaint must be made directly to Judge Matsumoto. *Id.* Plaintiff objected to Defendants' discovery responses and Defendants' counsel was directed to respond to those objections by February 7, 2020. *Id.* The Court set March 20, 2020 as the deadline for any party to move for Court intervention with respect to any remaining discovery disputes. *Id.* The Court reminded Plaintiff that he was eligible to file a revised narrative statement once he resolved his objections to the Defendants' discovery requests. *Id.* Defendants' counsel was also directed to provide the Court with a copy of the Police Department's Internal Affairs Report for *in camera*

review.  *Id.*  The Court then set June 12, 2020 as the deadline for Defendants to take the Plaintiff's deposition and scheduled the next conference for April 30, 2020.  *Id.*

Plaintiff requested an extension of time to file his Amended Complaint and submitted his Amended Complaint on January 31, 2020.  *See* DE 53; 54.  Judge Matsumoto granted Plaintiff an extension *nunc pro tunc* and treated his proposed pleading as his motion to amend.  *See* Electronic Order dated February 4, 2020.  Defendants reviewed the Amended Complaint and stated that they had no objection to the filing.  *See* DE 57.  Accordingly, Judge Matsumoto granted Plaintiff's motion to amend and deemed the Amended Complaint at DE 54 the operative pleading in this action.  *See* Electronic Order dated March 3, 2020.  The Amended Complaint added new Suffolk County Defendants, and, after conducting further review, Defendants' counsel advised Judge Matsumoto that one of those new Defendants, Dr. Thomas Troiano, should not have been added as a party because he was already retired.  *See* DE 59.  Defendants' counsel then filed an Answer to the Amended Complaint on behalf of all Defendants, with the exception of Dr. Troiano.  *See* DE 60.

This Court held a further Telephone Status Conference on April 30, 2020 to follow up on the directives given at the January 23, 2020 conference.  *See* DE 65.  Defendants' counsel advised that the Internal Affairs Report was still not completed.  As a result, the Court directed counsel to provide an update by June 1, 2020 if the Report was not issued in the interim.  *Id.*  The parties were able to resolve prior objections to discovery responses but did not submit a proposed confidentiality agreement to the Court.  *Id.*  Plaintiff was advised that the Court would not release any portions of the Internal Affairs Report until the confidentiality agreement was signed by both sides and "so ordered."  *Id.*  Plaintiff stated that he elected not to submit a Revised Narrative Statement and that he had re-located to South Carolina.  *Id.*  Due to his re-location,

3

Plaintiff would need to travel to New York for his deposition. For that reason, the Court set September 30, 2020 as the deadline for the deposition to be completed. *Id.*

The parties submitted a confidentiality agreement on May 18, 2020 [DE 68] which was "so ordered" by the Court the next day. *See* DE 69. On September 24, 2020, Defendants' counsel moved for an extension of time to complete the Plaintiff's deposition due to Plaintiff's failure to appear at counsel's office to view surveillance footage of the incident underlying the Complaint. *See* DE 70. Counsel also requested an adjournment of the October 9, 2020 conference due to a scheduling conflict. At Plaintiff's request, Defendants' counsel, Deputy County AttorneyStacy Skorupa, arranged for Plaintiff to view the surveillance footage with her at her office. *See id.* at 1. Plaintiff did not appear at Attorney Skorupa's office on the scheduled date because he said he had no means of transportation, notwithstanding the fact that Plaintiff had flown up from South Carolina for that purpose. *Id.* at 2. He did not inform Attorney Skorupa of this fact until 20 minutes after he was supposed to arrive at her office. *Id.* After speaking with the Plaintiff, Attorney Skorupa rescheduled this viewing for two days later. Unfortunately, Plaintiff did not appear at that time either. *Id.* After waiting one hour for Plaintiff to arrive, Attorney Skorupa called him. *Id.* During that call, Plaintiff advised Attorney Skorupa that he was sick. *Id.* Consequently, Skorupa could not permit Plaintiff to come to her office because the symptoms Plaintiff described to her were consistent with COVID-19. *Id.* Plaintiff also told Attorney Skorupa that he was returning to South Carolina for an undetermined period of time. As a result, Skorupa could not reschedule the review of the surveillance tape, nor could she set a date for Plaintiff's deposition. *Id.* at 2. Attorney Skorupa sent a copy of this letter motion to Plaintiff via email. *Id.* at 3.

The Court adjourned the Telephone Conference from October 9, 2020 to October 16, 2020 and provided the parties with the Court's teleconferencing number and access code. *See* Electronic Order dated September 25, 2020. The Court also held the deadline for Plaintiff's deposition in abeyance and indicated that this issue would be addressed at the upcoming conference. *Id.* Defendants' counsel was then directed to serve the September 25, 2020 Order upon the Plaintiff by first-class mail and email and to file proof of such service on ECF by September 28, 2020. *Id.* Attorney Skorupa timely filed a certificate of service. *See* DE 71.

At the time of the scheduled October 16, 2020 conference, Plaintiff did not dial in to the Court's teleconferencing number nor otherwise communicate with the Court. *See* DE 72. Chambers' staff attempted to contact Plaintiff by telephone to have him participate but were unable to reach him. *Id.* Plaintiff's voicemail box was full and Chambers staff could not leave a message. *Id.* Consequently, the Court separately entered a Show Cause Order directing Plaintiff to appear and show cause on November 10, 2020 at 1:30 p.m. why this case should not be dismissed for his failure to prosecute his claims, failure to comply with the Orders of the Court, and failure to view the security footage at the County Attorney's Office. *See* DE 73. Plaintiff was expressly warned that his failure to appear at the Show Cause Hearing would "result in further action by the Court, up to and including a recommendation to Judge Matsumoto that this case be dismissed." *Id.* at 3. Defendants' counsel was directed to serve Plaintiff with copies of the Minute Order from the October 16, 2020 conference [DE 72] and the Order to Show Cause [DE 73] by first-class mail and e-mail and to file proof of such service on ECF by October 21, 2020. Defendants' counsel complied with this directive. *See* DE 74. The Court also mailed copies of those Orders to the Plaintiff.

5

Plaintiff did not dial-in to the Court's teleconferencing line at the time of the Show Cause Hearing on November 10, 2020. *See* DE 75. Chambers staff one again attempted to contact Plaintiff by phone but were unable to reach him. *Id.* Plaintiff's voicemail box was still full, as had been the case when Chambers' staff attempted to reach him during the October 16 conference. *Id.* Defendants' counsel also advised the Court that she had not had any contact with Plaintiff since the last conference. *Id.*

In light of the foregoing circumstances, the Court can only conclude that the Plaintiff has abandoned this litigation. Pursuant to Federal Rule of Civil Procedure 41(b), the district court is empowered to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute.").

The Court, therefore, respectfully recommends to Judge Matsumoto that the Amended Complaint be dismissed for lack of prosecution and for Plaintiff's failure to comply with the Orders of this Court. *See Valdez v. 4th Precinct Police Suffolk*, No. 13-CV-25162017 WL 3701858, at *2 (E.D.N.Y. Aug. 17, 2017) (adopting report and recommendation that case be dismissed pursuant to Rule 41(b) due to plaintiff's failure to appear at three scheduled conferences); *Romero v. Baumann & Sons Bus Co.*, No. 15-CV-4150, 2017 WL 3206323, at *2 (E.D.N.Y. July 26, 2017) (same); *Horton v. City of New York*, No. 14 CV 4279, 2015 WL 13021411, at *2 (E.D.N.Y. Jan. 9, 2015) ("Plaintiff has made no effort to comply with the Court's orders and prosecute this case, despite warnings from this Court that the case would be

6

dismissed.  Further warnings are likely to be futile.  No lesser sanction would be effective and dismissal at this juncture is the only appropriate course."), *report and recommendation adopted*, 2015 WL 13019585 (E.D.N.Y. Feb. 2, 2015), *aff'd*, 636 Fed. App'x 822 (2d Cir. 2016); *Loadholt v. Costco Wholesale Corp.*, No. 13 Civ. 567, 2014 WL 4983684, at *1 (E.D.N.Y. Oct. 3, 2014) (adopting report and recommendation that case be dismissed pursuant to Rule 41(b) in light of plaintiff's failure to appear at conferences and a Show Cause Hearing which evidenced plaintiff's "apparent abandonment of his lawsuit"); *Paul v. Yu*, No. 13 Civ. 8824, 2014 WL 4631896, at *1-3 (S.D.N.Y. Sept. 12, 2014) (adopting recommendation of dismissal pursuant to Rule 4(m) and Rule 41(b) for failing to serve process or communicate with the Court despite plaintiff being advised twice of his obligation to do so); *Feliciano v. Cnty. of Suffolk*, No. 04-CV-5321, 2014 WL 198340, at *1-2 (E.D.N.Y. Jan. 14, 2014) (adopting report and recommendation dismissing the plaintiffs' action for failure to prosecute after the issuance of multiple Court Orders advising counsel that failure to proceed would result in dismissal).

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See* Fed. R. Civ. P. 6(a), (e).  Such objections by an attorney of record shall be filed with the Clerk of the Court via ECF.  **A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Kiyo A. Matsumoto.  Any requests for an extension of time for filing objections must be directed to Judge Matsumoto prior to the expiration of the fourteen (14) day period for filing objections**.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

7

**Defendants' counsel is directed to serve a copy of this Order upon the *Pro Se* Plaintiff forthwith by overnight mail and first-class mail and to file proof of such service on ECF by March 4, 2021.**

                     **SO ORDERED.**

Dated: Central Islip, New York
    March 2, 2021

                     /s/ A. Kathleen Tomlinson
                     A. KATHLEEN TOMLINSON
                     U.S. Magistrate Judge