```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CLIFFORD GAVIN,                              ORDER ADOPTING REPORT
                                             AND RECOMMENDATION

                    Plaintiff,              19-cv-1250 (KAM)(AKT)

        -against-

SUFFOLK COUNTY SHERIFF'S OFFICE
Correction Division, ERROL D. TOULON,
JR., Ed.D., Sheriff, STEVEN KRAYEWSKI
C.O. #1174, JOSEPH SAMMARTINO Cpt. #30,
COUNTY OF SUFFOLK, INTERNATL AFFAIRS
UNIT, JOHN HICKEY Sgt. #248, JOHN
URBANCIK Sgt. #248, JEFFREY WILLIS Lt.
#1337, LARRY WOJTACH C.O. #1379,
MIKE SITLER C.O. #1337, SUFFOLK
COUNTY DEPARTMENT OF HEALTH SERVICES
JAIL MEDICAL UNIT, JAMES GRAZIANO
Director of Mental Health Unit, and
THOMAS TROIANO M.D., individually
and in their official capacities,

                    Defendants.
----------------------------------------X
```

KIYO A. MATSUMOTO, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff Clifford Gavin commenced the instant civil rights action, pursuant to 42 U.S.C. § 1983, against the Suffolk County Sheriff's Office and others, ("defendants"), asserting claims for excessive force. (*See generally* ECF No. 1, Complaint.) Defendants filed an Answer to plaintiff's Complaint on May 30, 2019. (ECF No. 18.) The case proceeded to discovery under the supervision of Magistrate Judge A. Kathleen Tomlinson. (*See* ECF No. 19.)

1

On December 26, 2019, plaintiff filed a letter motion to amend his Complaint. (ECF No. 43.) This court instructed plaintiff to provide the proposed Amended Complaint to defendants and the court before January 30, 2020. (Docket Order 12/26/2019.) Plaintiff requested an extension of time to file his Amended Complaint and submitted his Amended Complaint on January 31, 2020. (*See* ECF Nos. 53, 54.) This court granted plaintiff an extension *nunc pro tunc* and construed plaintiff's proposed pleading as his motion to amend. (*See* Docket Order 2/4/2020.)

Defendants reviewed the Amended Complaint and stated that they had no objection to the filing. (ECF No. 57.) Accordingly, this court granted plaintiff's motion to amend and deemed the Amended Complaint (ECF No. 54) as the operative pleading in this action. (*See* Docket Order 3/3/2020.) After conducting further review, defendants advised the court that one of the new defendants in the Amended Complaint, Dr. Thomas Troiano, should not have been added as a party because he was already retired at the time of the alleged incident. (*See* ECF No 59.) Accordingly, defendants requested that this Court deny plaintiff's request to amend the pleadings to include Dr. Troiano. (*Id.*) Plaintiff has not objected to defendants'

request and, accordingly, the court grants defendants' request that the amended complaint exclude Dr. Troiano.

Discovery continued pursuant to Orders from this Court. (*See* ECF Nos. 65, 69, 70.) Judge Tomlinson scheduled a telephone status conference on October 16, 2020. (Docket Order 9/25/2020.) Plaintiff did not appear on the telephone status conference despite having been notified of the conference. (*See* ECF No. 72.) The court tried to contact plaintiff by telephone but was unable to reach him. (*Id.*) Consequently, Judge Tomlinson entered a Show Cause Order directing Plaintiff to appear and show cause on November 10, 2020, why this case should not be dismissed for plaintiff's failure to prosecute his claims and failure to comply with the Orders of the Court. (ECF No. 73.) Plaintiff was served with the Show Cause Order. (ECF No. 74.) Plaintiff was warned by Judge Tomlinson that his failure to appear at the Show Cause Hearing would "result in further action by the Court, up to and including a recommendation to Judge Matsumoto that this case be dismissed." (ECF No. 73 at 3.)

Plaintiff did not dial-in to the Court's teleconferencing line at the time of the Show Cause Hearing on November 10, 2020. (*See* ECF No. 75.) Judge Tomlinson attempted to contact plaintiff by phone again but was unable

3

to reach him. (*Id.*) In light of the foregoing circumstances, Judge Tomlinson concluded that the plaintiff abandoned this litigation.

On March 2, 2021, Judge Tomlinson issued a *sua sponte* Report and Recommendation, recommending that the case be dismissed due to plaintiff's failure to prosecute his claims and his failure to comply with the Orders of this court. (*See* ECF No. 77 (the "R&R").) Defendants served a copy of the Report and Recommendation on plaintiff and filed a certificate of service dated March 4, 2020. (ECF No. 78.) As set forth in the Report and Recommendation, the parties were notified of their right to file written objections to the Report and Recommendation within fourteen days. (*See* R&R at 7.) The period for filing objections for all parties has now lapsed, and no objections to the Report and Recommendation have been filed.

A district court reviews those portions of a report and recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . ." 28 U.S.C. § 636(b)(1)(C). Where no objections to the Report and Recommendation have been filed, however, the district court "need only satisfy itself that

4

that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Upon careful review of the record and Judge Tomlinson's well-reasoned Report and Recommendation, the court finds no clear error in Judge Tomlinson's Report and Recommendation and hereby affirms and adopts the Report and Recommendation in its entirety as the opinion of the court pursuant to 28 U.S.C. § 636(b)(1).  In reviewing a recommendation for dismissal based on plaintiff's failure to prosecute, a district court considers "five principal factors": (1) "the duration of the plaintiff's failures"; (2) "whether plaintiff had received notice that further delays would result in dismissal"; (3) "whether the defendant is likely to be prejudiced by further delay"; (4) "whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard"; and (5) "whether the judge has adequately assessed the efficacy of lesser sanctions."  *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999) (quoting *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)).  Viewing the record

as a whole, this court concludes that the balance of factors weighs in favor of dismissal here.  Accordingly, the court dismisses the case due to plaintiff's failure to prosecute his claims and his failure to comply with the Orders of this Court.  Plaintiff's motion for leave to amend the complaint is terminated as moot.  (*See* ECF Nos. 54, 59.)

The Clerk of the Court is respectfully directed to enter judgment dismissing the case without prejudice, mail a copy of this Order and Judgment to plaintiff, note service on the docket, and close this case.

SO ORDERED.

/s/
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

Dated:   Brooklyn, New York
         March 24, 2021

6